## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

JOHN W. MANNING,
REG. #47026-079                                                                                   PLAINTIFF

v.                                              2:18CV00092-DPM-JTK

S. MAYBERRY                                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff John Manning is a federal inmate confined at the Forrest City Medium Federal Correctional Institution (FCI), Forrest City, Arkansas. He filed this pro se federal civil rights (Bivens) action against Defendant, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. See <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), <u>citing</u> <u>Twombly</u>, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Twombly</u>, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>.

### III. Facts and Analysis

In his Complaint, Plaintiff states that on April 25, 2018, Defendant Manning told other inmates that he reported his cellmate for smoking. (Doc. No. 1, p. 23) He also alleges that Manning

3

obtained his personal information from a computer and shared the addresses of Plaintiff's sister and daughter with other inmates. He claims that this endangered him and his family, and he noticed other inmates walking behind him in the prison compound as if they were going to jump him. He also claims his sister and daughter received several threatening letters from inmates. Plaintiff alleges Defendants' actions constituted cruel and unusual punishment and violated the Fifth, Eighth, and Fourteenth Amendment.

In order to support a constitutional claim for failure to protect, Plaintiff must allege and prove that Defendant acted with deliberate indifference to the need to protect him from a substantial risk of serious harm from other inmates. Farmer v. Brennan, 511 U.S. 825, 833. In this particular case, although Plaintiff claims Defendant told others in April that he reported his cellmate for smoking, he does not allege that he received specific threats from any inmate or that any inmate harmed him as a result. As a general rule, mere threats do not support a constitutional claim for relief. King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997). Although Plaintiff also claims that Defendant divulged confidential information to other inmates, the Court finds that such action, while improper, fails to support a constitutional claim for relief. First, Plaintiff cannot assert a claim for individuals who are not parties to this lawsuit, and second, his allegation that his family received threatening letters, is too vague to support a constitutional claim for relief. See King, supra.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendant be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 17th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.