# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JOHN W. MANNING                                                                         PLAINTIFF

2:18CV00092-DPM-JTK

S. MAYBERRY                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff John Manning is a former federal inmate who filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging a failure to protect claim against Defendant Mayberry. (Doc. Nos. 1, 11)

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 35-37), to which Plaintiff responded (Doc. No. 41).

### II. Complaint

Plaintiff alleged Defendant Mayberry told other inmates that he reported his cellmate for smoking, which caused him to fear for his safety.

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

2

of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendant Mayberry asks the Court to dismiss Plaintiff's allegations against her because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the three-step federal administrative remedy process set forth at 28 C.F.R. § 542.10, et seq. The federal grievance process is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons (BOP), via a BP-11 form. According to the Declaration of James D. Crook, Supervisory Attorney at the Bureau of Prisons (BOP) Consolidated Legal Center, Plaintiff filed an administrative remedy at the institutional level on June 7, 2018, which was successfully appealed (after three prior attempts) to the Regional Office on August 23, 2018. (Doc. No. 36, p. 2) The Regional Office responded and closed the appeal on

3

September 13, 2018, and Crook located no record to show that Plaintiff appealed to the Central Office, which is the final step of the process. (Id.) Therefore, based on these records, Defendant asks the Court to dismiss Plaintiff's complaint against her for failure to exhaust.

In response, Plaintiff states that Defendant attempts to mislead the Court about the "deficient exhaustive process" at the prison. (Doc. No. 41, pp. 2-3) He also attaches to his response copies of his grievance and appeals. (Id., pp. 4-22)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP-11 form. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, in Chelette v. Harris, the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.2d 684, 688 (8th Cir. 2000). In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because

4

the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

It is clear from the records and Declaration presented by the Defendant, that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against Defendant Mayberry. Plaintiff does not dispute that he did not appeal to the BOP level, and offers no explanation, other than to state that the process is "deficient." (Doc. No. 41, p. 2)

The United States Supreme Court held in Ross v. Blake that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860. However, in this case, Plaintiff does not allege facts to support a finding that Defendant or anyone else prevented him from filing an administrative

remedy appeal. Therefore, the Court finds that Defendant's Motion should be granted.

### IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED, that Defendant Mayberry's Motion for Summary Judgment (Doc. No. 35) be GRANTED, and Plaintiff's Complaint against her be DISMISSED without prejudice, for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 28th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE